UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO DA SILVA SANTOS (A-Number: 221-370-695),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | Case No. 1:26-cv-6439-TLN-JDP<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner Roberto Da Silva Santos, a 33-year-old citizen of Brazil, entered the United States lawfully on a tourist/visitor visa in 2022. On April 6, 2026, ICE arrested petitioner at the Clark County Detention Center in Las Vegas, Nevada. He has been held in immigration custody since that date.

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention violates the Immigration and Nationality Act and due process. Respondent argues that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c). The matter has been referred to me to decide the merits of the petition. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

Petitioner is a citizen of Brazil, and he was admitted to lawfully enter the United States on a B-2 tourist visa in 2022. ECF No. 1 ¶ 2. On April 4, 2025, ICE lodged an Immigration

Detainer with the Clark County Detention Center. *Id.* ¶ 4. ICE arrested petitioner on April 6, 2026, at the Clark County Detention Center without a warrant and then took him to an ICE processing facility. *Id.* After arresting petitioner, ICE issued him a Form I-862 (Notice to Appear) ("NTA") in immigration court pursuant to 8 U.S.C. § 1229a. *Id.* ¶ 5. The charging document alleges that petitioner is removable for overstaying his visa under 8 U.S.C. § 1227(a)(1)(B). *Id.* at 21-24.

On April 6, 2026, petitioner requested a custody/bond hearing before an immigration judge. ECF No. 9-3. Petitioner was first given a bond hearing before an immigration judge on July 1, 2026. ECF No. 9-5. The immigration judge denied bond, finding that petitioner had not established he was not a danger to the community because of pending criminal charges for burglary, possession of a controlled substance, retail theft, and DUI. *Id.* The immigration judge reasoned that being a danger was a "threshold" determination, and his community ties and positive qualities were consequently disregard "because of this threshold matter." ECF No. 1 ¶ 8; *see also id.* at 115.

While in ICE detention, petitioner was attacked by other detainees resulting in injury and pain to his shoulder. *Id.* ¶ 6. He was also subsequently verbally harassed and threatened with stabbing, and respondent placed petitioner in administrative segregation. *Id.* ¶ 9.

**Procedural History**

Petitioner, proceeding pro se, filed an initial petition for writ of habeas corpus on May 18, 2026.[1] *Santos v. U.S. General Attorney et al.* ("*Da Silva Santos I*"), 1:26-cv-3762-MWJS, ECF No. 1. The court appointed counsel. *Da Silva Santos I*, ECF No. 4. Through counsel, petitioner filed an amended petition. *Da Silva Santos I*, ECF No. 11. In response, the government filed a motion to dismiss, arguing that petitioner was subject to discretionary detention under 8 U.S.C. § 1226(a) and could request a bond hearing. *Da Silva Santos I*, ECF No. 13. Based on this concession that petitioner was entitled to a bond hearing, petitioner did not oppose dismissing the

[1] Petitioner filed a second pro se petition on May 26, 2026. *Da Silva Santos v. U.S. General Attorney*, 1:26-cv-4028-MWJS, ECF No. 1. The court consolidated these cases and dismissed the latter-filed action for the reasons set forth in the initial action. *See Da Silva Santos v. U.S. General Attorney*, 1:26-cv-4028-MWJS, ECF Nos. 10 & 11.

petition. *Da Silva Santos I*, ECF No. 14. The court accordingly dismissed that petition without prejudice. *Da Silva Santos I*, ECF No. 15.

On August 13, 2026, petitioner filed the instant petition.[2] ECF No. 1. On August 17, 2026, respondent filed an opposition. ECF No. 9. The matter is submitted such that I may issue findings and recommendations. *See* ECF No. 10; E.D. Cal. L.R. 302(c)(17).

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner argues that his detention violates the Immigration and Nationality Act, including 8 U.S.C. § 1226 and due process.[3] ECF No. 1 at 6-13. Respondent counters that petitioner's detention is mandatory pursuant to section 1226(c)(1)(E).[4] ECF No. 9 at 1. This basis, however, is flawed for two main reasons. First, prior to any arrest, the government must be prepared to state the basis for detention. For the first time before this court, the government is

[2] Petitioner concurrently filed a motion for the appointment of counsel, ECF No. 3. In light of my recommendation that the case be closed, this motion will be denied as moot.

[3] Petitioner also argues that respondent has violated his substantive due process rights. ECF No. 1 ¶¶ 10-13. I need not address this claim since I recommend granting the petition and ordering immediate release on other grounds.

[4] Respondent elaborates that petitioner's "criminal arrest and complaint render him subject to mandatory detention," but respondent did not file any criminal arrest or complaint records and only has filed petitioner's RAP sheet. *See* ECF No. 9 at 1; ECF No. 9-1.

raising section 1226(c) as the basis for petitioner's detention. Notably, in its motion to dismiss petitioner's first petition, the government represented that petitioner was subject to discretionary detention under section 1226(a) and could request a bond hearing. *Da Silva Santos I*, ECF No. 13 at 2. Petitioner, through counsel, relied upon this concession in deciding not to oppose dismissal of that petition. *Da Silva Santos I*, ECF No. 14. The court, in turn, relied upon that representation to grant the government's motion to dismiss. *Da Silva Santos I*, ECF No. 15. Respondent also does not point to any agency records that demonstrate that petitioner was subject to mandatory detention under section 1226(c).[5] *See generally* ECF No. 9.

As other courts have noted, this *post hoc* rationalization by the government is an insufficient justification for detention. *See Betancourt Ulloa v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-3360-DAD-CKD, 2026 WL 2389805 (E.D. Cal. Aug. 17, 2026) (collecting cases rejecting *post hoc* rationalizations for immigration detention authority); *see also Julio Cesar*, 2026 WL 2139762 at *4 (discussing government's attempt to provide an alternative ground for detention under section 1226(c) for the first time); *Zuniga Cruz v. Noem*, No. 1:26-cv-1818-DC-EFB, 2026 WL 890471, at *2-3 (E.D. Cal. Apr. 1, 2026) (discussing different procedures for § 1225 and § 1226 detentions); *Martinez-Aguiana v. Mullin*, No. 3:26-cv-0561-RFB-CSD, 2026 WL 2212521, at *2 (D. Nev. July 31, 2026) (noting concession by immigration authorities that they do not follow section 1226 procedures for noncitizens arrested in the interior of the United States under section 1225(b)).

Even if the court were to accept as a basis for detention 8 U.S.C. § 1226(c), the NTA does not charge petitioner with a Laken Riley predicate. *See* ECF No. 1 at 21. Rather, petitioner is charged with being removable after lawful admission because he "remained in the United States for a longer time than permitted" under 8 U.S.C. § 1227(a)(1)(B). *Id.* The NTA must specify

---

[5] On the contrary, respondent here has submitted an order from an immigration judge denying bond which is predicated on section 1226(a). ECF No. 9-5. Respondent's exhaustion and *Joseph* hearing argument also collapses because the government has never put petitioner on notice that he was subject to mandatory detention under section 1226(c) until its filing in this case, over four months after detaining petitioner. *See Julio Cesar v. Chestnut, et al.,* No. 1:26-cv-04775-MWJS, 2026 WL 2139762 (E.D. Cal. July 24, 2026) (waiving exhaustion requirement when immigration authorities did not classify petitioner subject to section 1226(c)).

"[t]he nature of the proceedings against the [noncitizen]," "the legal authority under which the proceedings are conducted," and "the acts of conduct alleged to be in violation of the law." 8 U.S.C. § 1229(a)(1). In *In re Kotliar*, 24 I&N Dec. 124, 127 (March 21, 2007), the BIA emphasized the importance of including in the NTA any ground for removal that "subjects [a noncitizen] to mandatory detention." This is because the "charging document serves as notice to the alien of the circumstances relied on by the DHS to detain him." *Id.*; *see also Colmenares-Pinto v. Warden of the Golden State Annex ICE Det. Fac.*, No. 1:26-cv-0812-DAD-SCR, 2026 WL 923804, at *5 (E.D. Cal. Apr. 3, 2026) ("The plain language of 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge of inadmissibility by reason of having committed an offense covered under 8 U.S.C. § 1182(a)(2) as a prerequisite to mandatory detention under that provision."), *report and recommendation adopted*, 2026 WL 1430913 (E.D. Cal. May 21, 2026); *Miao v. Chestnut*, No. 1:26-cv-1271-KES-SKO, 2026 WL 947020, at *3 (E.D. Cal. April 8, 2026) (rejecting the respondent's mandatory detention argument because grounds where not charged in NTA). Therefore, I conclude that petitioner is not lawfully detained under section 1226(c), and his detention is not mandated by that statute.

Respondent does not argue that petitioner is subject to discretionary detention under section 1226(a), though it has presented some evidence that this is the basis relied on by the agency, as discussed above. However, petitioner has raised several arguments that detention under section 1226(a) is unlawful. First, petitioner asserts that ICE arrested him without a warrant in violation of the plain language of section 1226(a).[6] ECF No. 1 ¶¶ 24-26. Second, petitioner argues that the government arrested him before issuing him a Notice to Appear, which violates federal regulations.[7] ECF No. 1 ¶ 27. The government has offered no arguments in response. *See generally* ECF No. 9. The government produced a Form I-200 (Warrant for Arrest of Alien) dated April 6, 2026. ECF No. 9-4 at 1. This administrative arrest warrant includes the

[6] "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a).

[7] "At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." 8 C.F.R. § 236.1(b)(1).

names and physical signatures of an ICE deportation officer, MANANSALA, and supervisor (SDDO), AEGERTER. *Id*. As relevant here, ICE determined that there was probable cause to arrest the petitioner based on three factors: (1) the execution of a charging document to initiate removal proceedings, (2) biometric confirmation of petitioner's identity, and (3) statements made voluntarily by the petitioner. However, this administrative warrant is undermined by the Form I-213 (Record of Deportable/Inadmissible Alien), which the government also produced.[8] ECF No. 9-1 at 5. The Form I-213 indicates:

> On April 6, 2026, ERO Salt Lake City - Las Vegas transported DASILVA SANTOS to the Las Vegas ERO office for further processing. Upon arrival at the Las Vegas ERO office, DASILVA SANTOS's fingerprints were electronically submitted and compared with records archived by the Department of Homeland Security and the Federal Bureau of Investigation. The IDENT database resulted in a positive identification for DASILVA SANTOS.

*Id*. at 6.

The Form I-213 also indicates that ICE "arrested DASILVA SANTOS and issued a Notice to Appear . . . ." *Id*. at 6-7. From this narrative, ICE arrested petitioner before issuing the arrest warrant, which facially contradicts the Form I-200 and violates the plain language of 8 C.F.R. § 236.1(b)(1). The Form I-213 narrative also reflects that ICE captured petitioner's biometrics *after* arresting him, which facially contradicts the Form I-200. Finally, the Form I-213 is blank on the confirmation that petitioner was "advised of communication privileges," which calls into question the documentation on the Form I-200 that petitioner voluntarily made statements. Arrest without a proper warrant violates section 1226(a). *See J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025; *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05561-DAD-SCR, 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026). Therefore, I conclude that petitioner is also not lawfully detained under section 1226(a).

---

[8] The reliability of the Form I-213 is also called into question because it does not bear any physical signatures for any ICE officers, and it lists AEGERTER as the examining officer rather than a supervisor, in contrast to Form I-200. *See* ECF No. 9-1 at 5. The government has offered no explanation for this apparent discrepancy. *See generally* ECF No. 9.

Given these findings, I must determine the appropriate remedy. Petitioner requests immediate release. ECF No. 1 at 14. Respondent only argues that the petition should be denied. ECF No. 9 at 5. Respondent's filing reflects three arrests for non-violent crimes, but none of these have resulted in a conviction. ECF No. 9-1 at 7. Significantly, respondent has also not argued that petitioner is a flight risk or danger to the community. *See generally* ECF No. 9.

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Thuraissigiam* at 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). Habeas is an equitable remedy and "[f]ederal courts have a fair amount of flexibility" to tailor the remedy to the constitutional violation. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005); *see also Roman v. Wolf*, 977 F.3d 935, 942 (9th Cir. 2020) ("Once a constitutional right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies.").

Here, I find that the "typical remedy" of release is appropriate because the government has not provided a lawful justification for petitioner's detention. *See Munaf*, 553 U.S. at 693. Petitioner's due process rights have been violated such that the provision of another bond hearing is constitutionally insufficient. *See Feng v. Lyons*, No. 1:26-cv-0235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (holding that even petitioner's subject to section 1226(a) must be provided a statutorily mandated bond hearing). Although respondent only argues that petitioner is subject to mandatory detention under 1226(c), respondent has also failed to detain petitioner in compliance with the required procedures of section 1226(a), as discussed above. *See Zurita Navarro* at *3. Additionally, respondent first provided petitioner with a bond hearing on July 1, 2026 – over three months after detaining him – and offers no explanation for this delay, despite petitioner making a request for such hearing on April 6, 2026. *See Feyer Felix v. Blanche, et al.*, No. 1:26-cv-06479-DAD-CKD, 2026 WL 2474468, at *1 (E.D. Cal. Aug. 21, 2026) (granting petition and ordering immediate release where petitioner was not given a bond hearing for four months after detention) (*citing Huerta Huerta v. Warden of the Golden State*

*Annex Det. Facility*, No. 1:26-cv-2301-DAD-CSK, 2026 WL 1552359 (E.D. Cal. June 2, 2026)). Petitioner has been detained for nearly five months without legal justification, and release is the appropriate remedy.

**Conclusion**

Accordingly, it is hereby ORDERED that petitioner's motion for the appointment of counsel, ECF No. 3, is DENIED as moot.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 221-370-695) from its custody. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a pre-deprivation bond hearing before an immigration judge at which the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 3, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE